FILED

JOHNSON & PHAM, LLP
Christopher D. Johnson, SBN: 222698
    E-mail: cjohnson@johnsonpham.com
Christopher Q. Pham, SBN: 206697
    E-mail: cpham@johnsonpham.com
Marcus F. Chaney, SBN: 245227
    E-mail: mchaney@johnsonpham.com
6355 Topanga Canyon Boulevard, Suite 326
Woodland Hills, California 91367
Telephone:  (818) 888-7540
Facsimile:  (818) 888-7544

Attorneys for Plaintiff
TRE MILANO, LLC

2012 MAR 12 AM 4: 11

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

CV 12 2090 -DMG (JC(x)

| | |
|---|---|
| TRE MILANO, LLC, a California Limited Liability Company,<br><br>    Plaintiff,<br><br>    v.<br><br>EON, INC., an Illinois Corporation d/b/a Media Liquidations; BUY INTERNATIONAL, LLC, a Business Entity of Unknown Character; FRANK MURRAY, an Individual; and DOES 1-10, Inclusive,<br><br>    Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF:**<br><br>(1) **FEDERAL TRADEMARK INFRINGEMENT [15 *U.S.C.* § 1114/*Lanham Act* §43(a)]**<br>(2) **FEDERAL COPYRIGHT INFRINGEMENT [17 *U.S.C.* §501(a)];**<br>(3) **FALSE DESIGNATION OF ORIGIN [15 *U.S.C.* §1125(a)];**<br>(4) **TRADEMARK DILUTION [15 *U.S.C.* §1125(c)];**<br>(5) **UNFAIR BUSINESS PRACTICES [*CALIFORNIA BUSINESS & PROFESSIONS CODE* §17200];**<br>(6) **DECLARATORY RELIEF;**<br>(7) **ACCOUNTING; and**<br>(8) **UNJUST ENRICHMENT**<br><br>**[DEMAND FOR JURY TRIAL]** |

1

2

3      COMES NOW, Plaintiff TRE MILANO, LLC (hereinafter "Plaintiff"), to

4    hereby file its Complaint against EON, INC., BUY INTERNATIONAL, LLC,

5    FRANK MURRAY, and Does 1-10, inclusive (collectively, hereinafter

6    "Defendants").

7                                    **PARTIES**

8        1.     Plaintiff is now, and was at the time of the filing of this Complaint

9    and at all intervening times, a California Limited Liability Company, duly

10   authorized and licensed to conduct business in California, with its principal place

11   of business in California.  Plaintiff is a beauty product and hair product company

12   involved in the development, production, sale, and distribution of the hair brush

13   and rotating hot iron combination instrument marketed as InStyler®.

14       2.     Plaintiff is informed and believes that EON, INC., is now, and was at

15   the time of the filing of this Complaint and at all intervening times, an Illinois

16   Corporation doing business as Media Liquidations with its principal place of

17   business located at 1701 Quincy Ave., Suite 12, Naperville, Illinois 60540.

18       3.     Plaintiff is informed and believes that BUY INTERNATIONAL,

19   LLC, is now, and was at the time of the filing of this Complaint and at all

20   intervening times, a business entity of unknown character with its principal place

21   of business located at 198 Drury Road, Jonesboro, Georgia 30238.

22       4.     Plaintiff is informed and believes that FRANK MURRAY, is now,

23   and was at the time of the filing of this Complaint and at all intervening times, an

24   individual residing at 198 Drury Road, Jonesboro, Georgia 30238.

25       5.     The true names and capacities, whether individual, corporate,

26   associate or otherwise, of Defendants herein names as Does 1-10, inclusive, are

27   unknown to Plaintiff.  Plaintiff therefore sues said Defendants by such fictitious

28

names. When the true names and capacities of said Defendants have been ascertained, Plaintiff will amend this pleading accordingly.

6.    Plaintiff further alleges that EON, INC., BUY INTERNATIONAL, LLC, and FRANK MURRAY, and Does 1-10, inclusive sued herein by fictitious names are jointly, severally and concurrently liable and responsible upon the causes of action hereinafter set forth.

7.    Defendants conduct business in the jurisdiction of the United States District Court for the Central District of California by offering for sale, selling, and distributing counterfeits goods in Los Angeles, California, that infringe on the registered trademarks and copyrights of Plaintiff.

8.    Plaintiff is informed and believes and thereon alleges that at all times mentioned herein EON, INC., BUY INTERNATIONAL, LLC, FRANK MURRAY, and Does 1-10, inclusive, and each of them, were the agents, servants and employees of every other Defendant and the acts of each Defendant, as alleged herein, were performed within the course and scope of that agency, service or employment.

## JURISDICTIONAL ALLEGATIONS

9.    This Court has Federal subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§1331 and 1338(a) and (b), in that the case arises out of claims for trademark infringement, false designation of origin, unfair competition and dilution under the Lanham Act (15 U.S.C. §1051, et seq.), and copyright infringement under 17 U.S.C. §501(a); and this Court has supplemental jurisdiction pursuant to 28 U.S.C. §§1367(a) and 1338 (a) and (b).

10.    This Court has personal jurisdiction over Defendants because Defendants have committed the tortious illegal activities of trademark infringement, copyright infringement and unfair competition in this district and/or Defendants have sufficient minimum contacts with this district such that the exercise of jurisdiction over Defendants by this Court does not offend

1    traditional notions of fair play and substantial justice. Among other things,
2    Defendants have advertised, offered to sell and have sold to consumers, within
3    this judicial district, products that infringe the trademarks and copyrights of
4    Plaintiff.   Defendants have also offered to sell and actually sold counterfeit
5    products (described more fully below) using an interactive Internet website
6    knowing or having reason to know that consumers throughout the United States,
7    including within this judicial district, would purchase said counterfeit goods from
8    Defendants, believing that they were authentic goods manufactured and
9    distributed by Plaintiff or its authorized manufacturers.
10        11.   Venue is proper, inter alia, pursuant to 28 U.S.C. §1391(b), because
11   on information and belief, a substantial part of the events or omissions giving rise
12   to the claim occurred in this judicial district, and has caused damages to Plaintiff
13   in this district. The counterfeit InStyler® products were purchased from
14   California and Defendants purposefully offered for sale, sold, and distributed
15   counterfeit products to numerous buyers within California. Plaintiff operates a
16   substantial part of its business in California.   Defendants' actions within this
17   district directly interfere with and damage Plaintiff's commercial efforts and
18   endeavors and harms Plaintiff's goodwill within this Venue.

## GENERAL ALLEGATIONS

20        12.   Plaintiff is a beauty product and hair product company involved in
21   the development, production, sale, and distribution of the hair brush and rotating
22   hot iron combination instrument, InStyler.   Plaintiff owns the "InStyler" mark
23   used in connection with its "rotating iron" hair brush, a combination instrument
24   that is a hair brush and rotating hot iron used to curl, straighten, and style hair.
25   Plaintiff has been using the mark since June 2008.   Plaintiff first distributed the
26   "InStyler" mark in June 2008.
27        13.   Plaintiff owns registered United States Trademark for the "InStyler"
28   mark under U.S. Reg. No. 3496525 (registered September 2, 2008).   A true and

1  correct copy of Plaintiff's InStyler® USPTO Trademark Registration Certificate
2  is attached hereto as **Exhibit A**.

3      14.    Plaintiff also owns registered trademarks in the "InStyler" marks in
4  the following foreign countries or territories:    Benelux, Canada, European
5  Community, Hungary, International Registration – Madrid Protocol Only, Ireland,
6  Mexico, Turkey, and United Kingdom.

7      15.    Plaintiff owns a United States Copyright for the "InStyler," and
8  related InStyler products, infomercials, and website under Certificate of
9  Registration numbers:    TX0006921877 (registered November 24, 2008);
10 TX0006910783 (registered November 14, 2008); TX0006921892 (registered
11 November 24, 2008); PAu003370090 (registered November 12, 2008);
12 TXu001599536 (registered November 14, 2008); VA0001672732 (registered June
13 12, 2009); VA0001673742 (registered June 12, 2009); VAu000995006 (registered
14 July 14, 2009); VAu001001634 (registered September 28, 2009); VAu000994999
15 (registered July 14, 2009); VAu000995000 (registered July 14, 2009);
16 PAu003365698 (registered October 29, 2008); TX0007107862 (registered July 2,
17 2009); VA0001671183 (registered June 12, 2009); VA0001671191 (registered
18 June 12, 2009); VA0001671190 (registered June 12, 2009); and VA0001671188
19 (registered June 12, 2009).

20     16.    Plaintiff has spent substantial time, money and effort in developing
21 consumer recognition and awareness of its "InStyler" marks.  Plaintiff has spent
22 over $30,000.000.00 to air its television infomercials alone, and over
23 $5,000.0000.00 on print and internet advertising.  Dating back to inception in
24 2008, the "InStyler" infomercials have aired over 5,000 times.

25     17.    According to Infomercial Monitoring Service, Inc. (IMS), a monitor
26 of national broadcast, cable and satellite television for the direct response
27 television industry, Plaintiff's "InStyler" infomercials have consistently been
28 ranked within the IMS Top 25 list over the past three years.

18.   Through the extensive use of the "InStyler" marks, Plaintiff has built up and developed significant goodwill in the "InStyler" marks.  A wide array of newspapers, magazines, and television networks (including Redbook, Glamour, Essence, the Chicago Sun-Times, "O" the Oprah Magazine, The View, Access Hollywood, and E! Entertainment Television) have featured stories and demonstrations enthusiastically describing the successful use of the "InStyler."

19.   Defendant EON, INC. owns and operates an electronic "storefront" on the e-Commerce website, Amazon.com, to offer for sale, sell and distribute products, including counterfeit InStyler® products, to consumers.

20.   Defendant EON, INC. has purchased, imported, offered for sale, sold, and distributed hundreds of counterfeit InStyler® products to consumers utilizing Amazon.com.  Numerous consumers from the State of California have purchased and received counterfeit InStyler® products in the State of California from Defendant EON, INC.

21.   On May 11, 2011, in its ongoing investigation of counterfeit sales of the "InStyler" product, Plaintiff ordered a purported "InStyler" rotating hot iron from the electronic storefront operated by Defendant EON, INC. on Amazon.com, for a cost of $79.85 charged to a credit card account of Plaintiff's counsel, Thomas J. Peistrup of Tantalo & Adler, LLP.  A true and correct copy of the website purchase receipt is attached hereto as **Exhibit B.**

22.   On May 25, 2011, Plaintiff ordered another purported "InStyler" rotating hot iron from the electronic storefront operated by Defendant EON, INC. on Amazon.com, for a cost of $74.24 charged to a credit card account of Plaintiff's counsel, Thomas J. Peistrup of Tantalo & Adler, LLP.  A true and correct copy of the website purchase receipt is attached hereto as **Exhibit C.**

23.   The products purchased from Defendant EON, INC. were inspected by Plaintiff to determine authenticity.  Plaintiff's inspection of the purchased items using security measures confirmed that the items Defendant EON, INC. sold

**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**

1  were, in fact, counterfeit "InStyler" products.

2       24.    Defendant EON, INC. purchased, imported, and/or acquired the

3  counterfeit InStyler® products it offered for sale, sold, and distributed on

4  Amazon.com from Defendants BUY INTERNATIONAL, LLC and FRANK

5  MURRAY.

6       25.    Defendants use images confusingly similar or identical to Plaintiff's

7  trademarks, to confuse consumers and aid in the promotion and sales of its

8  unauthorized product.  Defendants' use of Plaintiff's trademarks include

9  importing, advertising, displaying, distributing, selling and/or offering to sell

10 unauthorized copies of Plaintiff's "InStyler" product. Defendants' use began long

11 after Plaintiff's adoption and use of its trademarks, and after Plaintiff obtained the

12 copyright and trademark registrations alleged above.  Neither Plaintiff nor any

13 authorized agents have consented to Defendants' use of Plaintiff's "InStyler"

14 trademarks.

15      26.    Defendants' actions have confused and deceived, or threatened to

16 confuse and deceive, the consuming public concerning the source and sponsorship

17 of the unauthorized copies of Plaintiff's "InStyler" product, sold, and distributed

18 by Defendants.  By its wrongful conduct, Defendants have traded upon and

19 diminished Plaintiff's goodwill.   Furthermore, the sale and distribution of

20 counterfeit goods by Defendants has infringed upon Plaintiff's federally registered

21 trademarks and copyrights.

22                         **FIRST CAUSE OF ACTION**

23      **(Federal Trademark Infringement Against Defendant EON, INC., BUY**

24   **INTERNATIONAL, LLC, FRANK MURRAY, and Does 1-10, Inclusive)**

25                 **[15 U.S.C. §1114/Lanham Act §43(a)]**

26      27.    Plaintiff repeats and re-alleges every allegation set forth in

27 Paragraphs 1-26.

28 / / /

28. Defendants are actually aware that Plaintiff is the registered trademark holder of the "InStyler" mark and designs and its registered copyrights. See **Exhibit A**.

29. Defendants did not and failed to obtain the consent or authorization of Plaintiff as the registered owner of the subject name and mark to commercially distribute and market "InStyler" rotating hot iron bearing the Plaintiff's mark into the stream of commerce.

30. Defendants intentionally and knowingly used in commerce the reproduction, counterfeit, copy, and/ or colorable imitation of Plaintiff's registered mark in connection with the sale, offering for sale, distribution, or advertising of Plaintiff's goods by offering, advertising, promoting, retailing, selling, and distributing counterfeit "InStyler" rotating hot iron bearing the "InStyler" trade name and mark.

31. Defendants reproduced, counterfeited, copied, and colorably imitated Plaintiff's registered "InStyler" mark and applied such reproduction, counterfeit, copy, or colorable imitation to labels, signs, prints, packages, wrappers, receptacles and/or advertisements intended to be used in commerce upon or in connection with the sale, offering for sale, distribution, and/or advertising of goods. Defendants thereupon offered, advertised, promoted, retailed, sold, and distributed through the Internet website www.Amazon.com counterfeit "InStyler" rotating hot iron bearing the "InStyler" trade name and mark.

32. Defendants' egregious and intentional use and sale of fake, pirated and counterfeit items bearing Plaintiff's trademark is likely to cause confusion, or to cause mistake, or to deceive, mislead, betray, and defraud the consumer who believe that the items are authentic "InStyler" rotating hot iron manufactured by Plaintiff.

33. Defendants' continued and knowing use of Plaintiff's trade name and mark without Plaintiff's consent or authorization constitutes intentional

infringement of Plaintiff's federally registered trademarks in violation of §32 of the Lanham Act, 15 U.S.C. §1114.

## SECOND CAUSE OF ACTION

**(Federal Copyright Infringement Against Defendant EON, INC., BUY INTERNATIONAL, LLC, FRANK MURRAY, and Does 1-10, Inclusive)**

**[17 U.S.C. §501(a)]**

34.     Plaintiff repeats and re-alleges every allegation set forth in Paragraphs 1-33.

35.     Plaintiff is the exclusive owner of its design creations, and registered copyrights with the United States Copyright Office.

36.     Defendants have actual notice of Plaintiff's exclusive copyright rights.

37.     Plaintiff's copyright registrations provide constructive notice of Plaintiff's ownership rights in the copyrighted works.

38.     Defendants did not seek and failed to obtain Plaintiff's consent or authorization to utilize, manufacture, reproduce, copy, display, commercially distribute and market in commerce or otherwise the copyrighted works.

39.     Without permission, Defendants intentionally and knowingly reproduced, counterfeited, copied, displayed, and manufactured colorable imitations of the designs by offering, advertising, promoting, retailing, selling, distributing counterfeit "InStyler" rotating hot iron containing the copyrighted works.

40.     Defendants intentionally and willfully applied their infringing uses of the copyrighted works to labels, signs, printed notices, packaging, wrappers, receptacles and advertisements in connection with the fraudulent sale, offering for sale, distribution, or advertising of Defendants' goods and represented that the goods were authentic products of Plaintiff's.   Defendant thereupon widely, publicly, and continuously offered, advertised, promoted, retailed, sold, and

1    distributed counterfeit "InStyler" rotating hot iron containing the copyrighted

2    works.

3        41.   Defendants continued their infringement of the designs in blatant

4    disregard of Plaintiff's protected rights.

5                   **THIRD CAUSE OF ACTION**

6    **(False Designation of Origin & Unfair Competition Against Defendant EON,**

7    **INC., BUY INTERNATIONAL, LLC, FRANK MURRAY, and Does 1-10,**

8                         **Inclusive)**

9                   **[15 U.S.C. §1125(a)]**

10       42.   Plaintiff repeats and re-alleges every allegation set forth in

11    Paragraphs 1-41.

12       43.   Defendants' conduct described above violate the Lanham Act, have

13    unfairly competed with and injured and, unless immediately restrained, will

14    continue to injure Plaintiff, causing damage to Plaintiff in an amount to be

15    determined at trial, and will cause irreparable injury to Plaintiff's goodwill and

16    reputation associated with the value of Plaintiff's mark.

17       44.   Defendants have the legal obligation and responsibility to conduct a

18    search before utilizing a trademark so as not to confuse or deceive consumers as to

19    the origin of its name and mark.

20       45.   Plaintiff's mark is distinctive in the states in which trademark

21    registration was obtained by virtue of its substantial inherent and acquired

22    distinctiveness, extensive use in each state in which registration was obtained, and

23    the extensive advertising and publicity of the mark.

24       46.   Defendants' egregious and intentional use and sale of fake, pirated

25    and counterfeit items bearing Plaintiff's trademark unfairly competes with

26    Plaintiff and is likely to cause confusion, mistake, or to deceive, mislead, betray,

27    and defraud consumers to believe that the substandard imitations are genuine

28    "InStyler" rotating hot irons.

47.     Defendants' continuing and knowing use of Plaintiff's mark constitutes willful infringement, false designation of origin and unfair competition in violation of §43(a) of the Lanham Act, 15 U.S.C. §1125(a).

## FOURTH CAUSE OF ACTION

### (Dilution by Tarnishment Against Defendant EON, INC., BUY INTERNATIONAL, LLC, FRANK MURRAY, and Does 1-10, Inclusive)

### [15 U.S.C. §1125(c)]

48.     Plaintiff repeats and re-alleges every allegation set forth in Paragraphs 1-47.

49.     Plaintiff's mark is "famous" within the meaning of the Lanham Act and is distinctive in the states in which trademark registration was obtained by virtue of the substantial inherent and acquired distinctiveness of the mark, the extensive use in the relevant states, and the wide advertising and publicity of Plaintiff's goods bearing the mark.

50.     As a result of the substantial inherent and acquired distinctiveness in Plaintiff's mark, extensive use in the states in which registration was obtained, and the wide advertising and publicity of the mark, Plaintiff's InStyler has become strong and is widely identified and respected.

51.     Upon information and belief, Defendants' unlawful actions began long after Plaintiff's mark became famous, and Defendants acted knowingly, deliberately and willfully with the intent to trade on Plaintiff's reputation and to dilute Plaintiff's mark. Defendants' conduct is willful, wanton and egregious.

52.     The actions of Defendants complained of herein are likely to injure the business reputation of Plaintiff and its mark.

53.     Defendants' intentional sale of fake, pirated and counterfeit items bearing Plaintiff's mark unfairly competes with Plaintiff and is likely to cause confusion, mistake, or to deceive, mislead, betray, and defraud consumers to believe that the substandard imitations are genuine "InStyler" rotating hot irons.

54. Defendants' unauthorized and counterfeit use of Plaintiff's famous mark has diluted and will continue to dilute and tarnish Plaintiff's name and mark, and is likely to detract from the distinctiveness of Plaintiff's mark.

55. Defendants' conduct is intended to trade on Plaintiff's reputation and goodwill and the quality and high standards of Plaintiff's products. Defendants' failure to meet Plaintiff's strict regulations of quality and design will mar the perception among consumers regarding Plaintiff's products, will tarnish and dilute the strength and value of Plaintiff's mark, and will saturate the market with substandard and counterfeit merchandise.

56. Defendants' egregious and intentional use and sale of fake, pirated and counterfeit items bearing Plaintiff's trademark is likely to cause confusion, or to cause mistake, or to deceive, mislead, betray, and defraud the consumer who believe that the items are authentic "InStyler" rotating hot irons manufactured by Plaintiff.

57. Defendants' continuing and knowing use of "InStyler" constitutes intentional infringement of Plaintiff's common law trademarks in violation of 15 U.S.C. §1125(c).

58. Plaintiff has no adequate remedy at law to compensate it fully for the damages that have been caused and which will continue to be caused by Defendants' unlawful acts, unless they are enjoined by this Court.

## FIFTH CAUSE OF ACTION

**(Unlawful, Unfair, Fraudulent Business Practices Against Defendant EON, INC., BUY INTERNATIONAL, LLC, FRANK MURRAY, and Does 1-10, Inclusive)**

**[California Business & Professions Code §17200 et seq.]**

59. Plaintiff repeats and re-alleges every allegation set forth in Paragraphs 1-58.

///

60.     Plaintiff has suffered, and continues to suffer, actual injury in fact due to the deliberate acts of infringement by Defendant without regard to Plaintiff's legal, contractual, and exclusive proprietary rights.

61.     Defendants' acts and practices as detailed above constitute acts of unlawful, unfair or fraudulent business acts and practices within the meaning of California Business & Professions Code §17200.

62.     Defendants have engaged in transactions that are in violation of numerous provisions of California law.  Strict liability may be applied even if Defendant's acts have violated only one of the three provisions set forth above.

63.     Pursuant to California Business & Professions Code §17203, Plaintiff seeks an order from this Court prohibiting Defendants from engaging or continuing to engage in the unlawful, unfair, or fraudulent business acts or practices set forth in this Complaint and/or ordering that Defendants perform their obligations under the law and cancel any illegal obligations.

64.     Plaintiff additionally requests an order from this Court requiring that Defendants make restitution of profits and return or pay to Plaintiff all of Defendants' ill-gotten gains obtained from the illegal transactions, and/or pay restitution, including the amount of monies that should have been paid if Defendants complied with its legal obligations, or, as equity requires.

65.     Plaintiff further requests a court order that an asset freeze or constructive trust be imposed over all monies in Defendants' possession which rightfully belong to Plaintiff.

## SIXTH CAUSE OF ACTION

### (For Declaratory Relief Against Defendant EON, INC., BUY INTERNATIONAL, LLC, FRANK MURRAY, and Does 1-10, Inclusive)

66.     Plaintiff repeats and re-alleges every allegation set forth in Paragraphs 1-65.

/ / /

1    67.    Plaintiff is the exclusive owner of the property, the derivative works,

2    and the programs and has the exclusive rights under the Copyright Act to

3    distribute, reproduce, publicly perform, display and license its property.

4    Therefore, Defendants' claims to any licensing, contractual, assignment or other

5    right, title, or interest in and to the property, the derivative works, and the

6    programs should be declared legally void.

7    68.    Plaintiff is the exclusive owner of the mark and has the exclusive

8    rights under the Lanham Act and other pertinent statutes to deal in commerce for

9    its goods and services under the mark.  Defendants' intentional sale of pirated

10   "InStyler" rotating hot irons, broadcast and distribution of the programs, and

11   advertising and publicity for same bearing Plaintiffs' mark unfairly competes with

12   Plaintiff and has caused or is likely to cause confusion, mistake, or to deceive,

13   mislead, betray, and defraud consumers.

14   69.    Plaintiff desires a judicial determination, pursuant to 28 U.S.C. §

15   2201, that it is the sole owner of the copyrights in the property, the derivative

16   works, and the programs and the sole owner of the mark, that Defendants have no

17   rights to possess or exploit the property, the derivative works, or the programs or

18   use the mark without the express authorization of Plaintiff, and that any claims to

19   the contrary are of no legal effect.

20   ## SEVENTH CAUSE OF ACTION

21   **(For Accounting Defendant EON, INC., BUY INTERNATIONAL, LLC,**

22   **FRANK MURRAY, and Does 1-10, Inclusive)**

23   70.    Plaintiff repeats and re-alleges every allegation set forth in

24   Paragraphs 1-69.

25   71.    Plaintiff is the exclusive owner of the property, the derivative works,

26   and the programs and has the exclusive rights under the Copyright Act to

27   distribute, reproduce, publicly perform, display and license the property, the

28   derivative works, and the programs.   Therefore, Defendants' claims to any

1  licensing, contractual or other right, title, or interest in and to the property should
2  be declared legally void.

3       72.    Plaintiff is the exclusive owner of the mark and has the exclusive
4  rights under the Lanham Act and other pertinent statutes to deal in commerce for
5  its goods and services under the mark.  Therefore, Defendants' claims to any
6  licensing, contractual or other right, title, or interest in and to the mark should be
7  declared legally void.

8       73.    There is a substantial risk that there will be multiplicity of judicial
9  proceedings unless Defendants, and each of them, and all persons claiming under
10 them, are required to account to Plaintiff for the revenues, advances and royalties
11 relating to the production, marketing, promotion, distribution, sale, release,
12 showing, licensing, broadcast and assignment of the property, the derivative
13 works, and the programs and of goods sold under the mark.

14      74.    Therefore, Plaintiff requests an order from the Court compelling
15 Defendants to account for all expenses and costs relating to the production,
16 marketing, promotion, distribution, sale, release, showing, licensing, broadcasting
17 and assignment of the property, the derivative works, and the programs and
18 revenues, advances and royalties generated from the production, marketing,
19 promotion, distribution, sale, release, showing, licensing, broadcasting and
20 assignment of the property, the derivative works, and the programs or use of the
21 mark.

22                    **EIGHTH CAUSE OF ACTION**

23         **(Unjust Enrichment Against Defendant EON, INC., BUY**

24 **INTERNATIONAL, LLC, FRANK MURRAY, and Does 1-10, Inclusive)**

25      75.    Plaintiff repeats and re-alleges every allegation set forth in
26 Paragraphs 1-74.

27      76.    By virtue of the egregious and illegal acts of Defendants as described
28 above, Defendants have been unjustly enriched in an amount to proven at trial.

77.   Defendants' retention of monies gained through its deceptive business practices, infringements, acts of counterfeit and otherwise would serve to unjustly enrich Defendants and would be contrary to the interests of justice.

WHEREFORE, Plaintiff TRE MILANO, LLC, prays for judgment against Defendant EON, INC., BUY INTERNATIONAL, LLC, FRANK MURRAY, and Does 1-10, inclusive, and each of them, as follows:

A. For damages in an amount to be proven at trial for trademark infringement under 15 U.S.C. §1114/Lanham Act §43(a);

B. For damages in an amount to be proven at trial for copyright infringement under 17 U.S.C. §501(a);

C. For damages in an amount to be proven at trial for false designation of origin under 15 U.S.C. §1125(a);

D. For damages in an amount to be proven at trial for trademark dilution under 15 U.S.C. §1125(c);

E. For damages to be proven at trial for common law unfair competition.

F. For restitution in an amount to be proven at trial for unfair, fraudulent and illegal business practices under Business and Professions Code §17200;

G. For disgorgement of Defendants' profits under 15 U.S.C. §1117(a);

H. For an injunction by this Court prohibiting Defendants from engaging or continuing to engage in the unlawful, unfair, or fraudulent business acts or practices described herein;

I. For an order from the Court requiring that Defendants provide complete accountings and for equitable relief, including that Defendants disgorge and return or pay their ill-gotten gains obtained from the illegal transactions entered into and or pay restitution, including the amount of monies that should have been paid if Defendants complied with its legal obligations, or as equity requires;

J.  For an order from the Court that an asset freeze or constructive trust be imposed over all monies and profits in Defendants' possession which rightfully belong to Plaintiff;

K. For destruction of the infringing articles in Defendants' possession under 15 U.S.C. §1118;

L.  For treble damages suffered by Plaintiff as a result of the willful and intentional infringements and acts of counterfeiting engaged in by Defendants, under 15 U.S.C. §1117(b);

M. For damages in an amount to be proven at trial for unjust enrichment.

N. For Plaintiff's reasonable attorney's fees;

O. For all costs of suit; and

P. For such other and further relief as the Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff TRE MILANO, LLC, respectfully demands a trial by jury in this action.


DATED: March 12, 2012                    JOHNSON & PHAM, LLP



                                         By: _____
                                         Christopher D. Johnson, Esq.
                                         Christopher Q. Pham, Esq.
                                         Marcus F. Chaney, Esq.
                                         Attorneys for Plaintiff
                                         TRE MILANO, LLC

# Exhibit A

Int. Cl.: 9

Prior U.S. Cls.: 21, 23, 26, 36, and 38

## United States Patent and Trademark Office

Reg. No. 3,496,525

Registered Sep. 2, 2008

### TRADEMARK
### PRINCIPAL REGISTER

# InStyler

REVOLUTIONARY PRODUCTS, INC. (CALIFOR-
NIA CORPORATION)
5826 UPLANDER WAY
CULVER CITY, CA 90230

FOR: ELECTRIC IRONS FOR STYLING HAIR, IN
CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 6-27-2008; IN COMMERCE 6-27-2008.

THE MARK CONSISTS OF STANDARD CHAR-
ACTERS WITHOUT CLAIM TO ANY PARTICULAR
FONT, STYLE, SIZE, OR COLOR.

SN 77-107,378, FILED 2-14-2007.

TASHIA BUNCH, EXAMINING ATTORNEY

**Exhibit B**

5/11/2011                          Amazon.com - Order 102-5600984-223...

amazon associates
Add to Widget      Add to aStore

Hello Thomas J Pelstrup. We have recommendations for you. (Not Thomas?)          Sell on Amazon. First Month Free

Thomas's Amazon.com   |   Today's Deals  |  Gifts & Wish Lists  |  Gift Cards          Your Digital Items  |  Your Account  |  Help

Shop All Departments     Search  All Departments                                    Cart          Your List

**Your Account** > **Where's My Stuff?** > Order Summary

## When will your items arrive?

Shipment #1: 1 item - delivery estimate: May 17, 2011 - May 20, 2011

**Order Placed:** May 11, 2011
**Amazon.com order number:** 102-5600984-2231401
**Order Total: $79.85**

### Shipment #1: Ordered from Media Liquidations          ( Problem with this order? )

**Shipping estimate:** May 12, 2011 - May 13, 2011
↳ **Delivery estimate:** May 17, 2011 - May 20, 2011

For information about this order, please contact Media Liquidations.
Learn more about Media Liquidations's return and replacement policy.

| | Items Ordered | Price |
|---|---|---|
| **Shipping Address:**<br>Thomas J Pelstrup<br>TANTALO & ADLER LLP<br>1901 AVENUE OF THE STARS<br>STE 1000<br>LOS ANGELES, CA 90067-6012<br>United States | 1 of: The Original InStyler Rotating Hot Iron Hair Straightener [Health and Beauty]<br>Condition: New<br>Sold by: Media Liquidations (seller profile) | $79.85 |

Item(s) Subtotal: $79.85
Shipping & Handling:  $0.00
-----
Total Before Tax: $79.85
Sales Tax:  $0.00
-----
**Total for This Shipment:$79.85**
-----

**Shipping Speed:**
Standard

## Your seller feedback about this order

This open order is not yet eligible for feedback.

See all orders awaiting feedback

## Payment Information

**Payment Method:**
American Express | Last digits: 1041

**Billing Address:**
Thomas J Pelstrup
TANTALO & ADLER LLP
1901 AVENUE OF THE STARS STE 1000
LOS ANGELES, CA 90067-6012
United States

Item(s) Subtotal: $79.85
Shipping & Handling:  $0.00
-----
Total Before Tax: $79.85
Estimated Tax To Be Collected:  $0.00
-----
**Grand Total:$79.85**
See tax and seller information

Get to Know Us          Make Money with Us          Let Us Help You
Careers                Sell on Amazon             Shipping Rates & Policies
Investor Relations     Join Associates            Amazon Prime

amazon.com/gp/css/.../ref=oss_or?ie=...

**Exhibit C**

5/25/2011                          Amazon.com - Order 104-8731146-4300...

Back        Add to Widget    Add to aStore                                              amazon.

Hello, Thomas J Pelstrup. We have recommendations for you. (Not Thomas?)        New: Kindle 3G with Special Offers - $164
Thomas's Amazon.com  |        Today's Deals  | Gifts & Wish Lists | Gift Cards       Your Digital Items | Your Account | Help

Shop All Departments    Search   All Departments       ▼ |                              Cart      Your Lists

**Your Account** > **Where's My Stuff?** > Order Summary

### When will your items arrive?

Not Yet Shipped: 1 Item - delivery estimate: June 1, 2011 - June 6, 2011

Order Placed: May 25, 2011
Amazon.com order number: 104-8731146-4300257
Order Total: $74.24

### Shipment #1: Not Yet Shipped                                    ⎨ Need to cancel an item? ⎬

Delivery estimate: June 1, 2011 - June 6, 2011 (More about estimates)

| Shipping Address: ( Change ) | Items Ordered | Price |
|---|---|---|
| Thomas J Pelstrup | 1 of: The Original InStyler Rotating Hot Iron Hair Straightener [Health and | $74.24 |
| TANTALO & ADLER LLP | Beauty] | |
| 1901 AVENUE OF THE STARS | Condition: New | |
| STE 1000 | Sold by: Media Liquidations (seller profile) | |
| LOS ANGELES, CA 90067-6012 | - 1 item(s) Gift options: None ( Change ) | |
| United States | | |

**Shipping Speed:** ( Change )
FREE Super Saver Shipping

**Shipping Preference:**
Group my items into as few
shipments as possible

### Your seller feedback about this order

This open order is not yet eligible for feedback.

See all orders awaiting feedback

### Payment Information

**Payment Method:**                                               Item(s) Subtotal: $74.24
American Express | Last digits: 1041                      Shipping & Handling: $4.98
                                                       Super Saver Discount: -$4.98
**Billing Address:**                                                    -----
Thomas J Pelstrup                                         Total Before Tax: $74.24
TANTALO & ADLER LLP                              Estimated Tax To Be Collected: $0.00
1901 AVENUE OF THE STARS STE 1000                                        -----
LOS ANGELES, CA 90067-6012                                 **Grand Total:$74.24**
United States

**Want to use a gift card?**
Enter code here, then click "Apply":  [                    ]
Note: Promotional certificates may be redeemed only when the order is originally placed.

| Get to Know Us | Make Money with Us | Let Us Help You |
|---|---|---|
| Careers | Sell on Amazon | Shipping Rates & Policies |
| Investor Relations | Become an Affiliate | Amazon Prime |
| Press Releases | Advertise Your Products | Returns Are Easy |
| Amazon and Our Planet | Self-publish with Us | Manage Your Kindle |

amazon.com/gp/css/.../ref=typ_rev_edit?i...

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Dolly Gee and the assigned discovery Magistrate Judge is Jay C. Gandhi.

The case number on all documents filed with the Court should read as follows:

## CV12- 2090 DMG (JCGx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=================================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[X] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[ ] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)          NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

JOHNSON & PHAM,LLP
Christopher D. Johnson, SBN: 222698
Christopher Q. Pham, SBN: 206697
6355 Topanga Canyon Blvd., Suite 326
Woodland Hills, California 91367
Tel: (818) 888-7540  Fax: (818) 888-7544

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRE MILANO, LLC, a California Limited Liability Company, <br><br> PLAINTIFF(S) <br><br> v. <br><br> (See Attachment to Summons) <br><br> DEFENDANT(S). | CASE NUMBER <br><br> CV 12 2090-DMG (JCGx) <br><br><br> **SUMMONS** |

TO:   DEFENDANT(S): (See Attachment to Summons) _____

_____

A lawsuit has been filed against you.

Within ___21___ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, Christopher Q. Pham, Esq. _____. whose address is 6355 Topanga Canyon Blvd., Suite 326, Woodland Hills , California 91367 _____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated:   **MAR 1 2 2012** _____

By: _____
MARYN DAVIS
Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States  Allowed 60 days by Rule 12(a)(3)].*

SUM-200(A)

| SHORT TITLE:<br>TRE MILANO, LLC v. EON, INC., et al. | CASE NUMBER: |
|---|---|

### INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff    ☑ Defendant    ☐ Cross-Complainant    ☐ Cross-Defendant

EON, INC., an Illinois Corporation d/b/a Media Liquidations; BUY INTERNATIONAL, LLC, a Business Entity of Unknown Character; FRANK MURRAY, an Individual; and DOES 1-10, Inclusive,

Page _____ of _____

Page 1 of 1

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself □) | DEFENDANTS |
|---|---|
| TRE MILANO, LLC, a California Limited Liability Company. | EON, INC., an Illinois Corporation d/b/a Media Liquidators; BUY INTERNATIONAL, LLC, a Business Entity of Unknown Character; FRANK MURRAY, an Individual; and Does 1-10, Inclusive, |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| JOHNSON & PHAM, LLP<br>6355 Topanga Canyon Blvd., Suite 326, Woodland Hills, CA 91367<br>Tel.: (818) 888-7540  Fax: (818) 888-7544 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

- □ 1 U.S. Government Plaintiff
- ☑ 3 Federal Question (U.S. Government Not a Party)
- □ 2 U.S. Government Defendant
- □ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | □ 1 | □ 1 | Incorporated or Principal Place of Business in this State | □ 4 | □ 4 |
| Citizen of Another State | □ 2 | □ 2 | Incorporated and Principal Place of Business in Another State | □ 5 | □ 5 |
| Citizen or Subject of a Foreign Country | □ 3 | □ 3 | Foreign Nation | □ 6 | □ 6 |

**IV. ORIGIN** (Place an X in one box only.)

- ☑ 1 Original Proceeding
- □ 2 Removed from State Court
- □ 3 Remanded from Appellate Court
- □ 4 Reinstated or Reopened
- □ 5 Transferred from another district (specify):
- □ 6 Multi-District Litigation
- □ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☑ Yes  □ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** □ Yes  ☑ No     □ MONEY DEMANDED IN COMPLAINT: $ _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Federal Trademark Infringement (15 U.S.C. §1114 / Lanham Act §32(a))

**VII. NATURE OF SUIT** (Place an X in one box only.)

OTHER STATUTES
- □ 400 State Reapportionment
- □ 410 Antitrust
- □ 430 Banks and Banking
- □ 450 Commerce/ICC Rates/etc.
- □ 460 Deportation
- □ 470 Racketeer Influenced and Corrupt Organizations
- □ 480 Consumer Credit
- □ 490 Cable/Sat TV
- □ 810 Selective Service
- □ 850 Securities/Commodities/Exchange
- □ 875 Customer Challenge 12 USC 3410
- □ 890 Other Statutory Actions
- □ 891 Agricultural Act
- □ 892 Economic Stabilization Act
- □ 893 Environmental Matters
- □ 894 Energy Allocation Act
- □ 895 Freedom of Info. Act
- □ 900 Appeal of Fee Determination Under Equal Access to Justice
- □ 950 Constitutionality of State Statutes

CONTRACT
- □ 110 Insurance
- □ 120 Marine
- □ 130 Miller Act
- □ 140 Negotiable Instrument
- □ 150 Recovery of Overpayment & Enforcement of Judgment
- □ 151 Medicare Act
- □ 152 Recovery of Defaulted Student Loan (Excl. Veterans)
- □ 153 Recovery of Overpayment of Veteran's Benefits
- □ 160 Stockholders' Suits
- □ 190 Other Contract
- □ 195 Contract Product Liability
- □ 196 Franchise

REAL PROPERTY
- □ 210 Land Condemnation
- □ 220 Foreclosure
- □ 230 Rent Lease & Ejectment
- □ 240 Torts to Land
- □ 245 Tort Product Liability
- □ 290 All Other Real Property

TORTS
PERSONAL INJURY
- □ 310 Airplane
- □ 315 Airplane Product Liability
- □ 320 Assault, Libel & Slander
- □ 330 Fed. Employers' Liability
- □ 340 Marine
- □ 345 Marine Product Liability
- □ 350 Motor Vehicle
- □ 355 Motor Vehicle Product Liability
- □ 360 Other Personal Injury
- □ 362 Personal Injury-Med Malpractice
- □ 365 Personal Injury-Product Liability
- □ 368 Asbestos Personal Injury Product Liability

IMMIGRATION
- □ 462 Naturalization Application
- □ 463 Habeas Corpus-Alien Detainee
- □ 465 Other Immigration Actions

TORTS
PERSONAL PROPERTY
- □ 370 Other Fraud
- □ 371 Truth in Lending
- □ 380 Other Personal Property Damage
- □ 385 Property Damage Product Liability

BANKRUPTCY
- □ 422 Appeal 28 USC 158
- □ 423 Withdrawal 28 USC 157

CIVIL RIGHTS
- □ 441 Voting
- □ 442 Employment
- □ 443 Housing/Accommodations
- □ 444 Welfare
- □ 445 American with Disabilities-Employment
- □ 446 American with Disabilities-Other
- □ 440 Other Civil Rights

PRISONER PETITIONS
- □ 510 Motions to Vacate Sentence Habeas Corpus
- □ 530 General
- □ 535 Death Penalty
- □ 540 Mandamus/Other
- □ 550 Civil Rights
- □ 555 Prison Condition

FORFEITURE/PENALTY
- □ 610 Agriculture
- □ 620 Other Food & Drug
- □ 625 Drug Related Seizure of Property 21 USC 881
- □ 630 Liquor Laws
- □ 640 R.R. & Truck
- □ 650 Airline Regs
- □ 660 Occupational Safety /Health
- □ 690 Other

LABOR
- □ 710 Fair Labor Standards Act
- □ 720 Labor/Mgmt. Relations
- □ 730 Labor/Mgmt. Reporting & Disclosure Act
- □ 740 Railway Labor Act
- □ 790 Other Labor Litigation
- □ 791 Empl. Ret. Inc. Security Act

PROPERTY RIGHTS
- □ 820 Copyrights
- □ 830 Patent
- ☑ 840 Trademark

SOCIAL SECURITY
- □ 861 HIA (1395ff)
- □ 862 Black Lung (923)
- □ 863 DIWC/DIWW (405(g))
- □ 864 SSID Title XVI
- □ 865 RSI (405(g))

FEDERAL TAX SUITS
- □ 870 Taxes (U.S. Plaintiff or Defendant)
- □ 871 IRS-Third Party 26 USC 7609

CV 12  2090

FOR OFFICE USE ONLY:   Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                     CIVIL COVER SHEET                     Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No  ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles, CA | |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Dupage County, IL<br>Clayton County, GA |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles, CA | |

* **Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____  Date March 12, 2012

Notice to Counsel/Parties:   The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |